FILED'09 AUG 26 11:05USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

INSURANCE COMPANY OF THE WEST,        )
a California corporation,             )
                                      )
            Plaintiff,                )        Civil No. 09-6102-AA
                                      )        OPINION AND ORDER
      vs.                             )
                                      )
KUENZI COMMUNICATIONS, LLC, an        )
Oregon limited liability             )
company; SILVER RIDGE NURSERY,        )
LLC, an Oregon limited                )
liability company; J & R              )
DRILLING, LLC, an Oregon              )
limited liability company;           )
SUNSET EQUIPMENT, LLC, an             )
Oregon limited liability             )
company; KUENZI COMMUNICATIONS,       )
INC., a California corporation;       )
LOYAL W. KUENZI; JOE E. KUENZI;       )
ROCHELLE KUENZI; and REBECCA          )
KUENZI,                               )
                                      )
            Defendants.               )
_____)

Jan D. Sokol
Stewart Sokol & Gray, LLC
2300 SW First Avenue, Suite 200
Portland, OR 97201
      Attorney for plaintiff


1    - OPINION AND ORDER

Silver Ridge Nursery, LLC
J & R Drilling, LLC
Loyal W. Kuenzi
Joe E. Kuenzi
Rochelle Kuenzi
Rebecca Kuenzi
11506 Kaufman Road NE
Silverton, OR 97381
    Defendants appearing pro se

AIKEN, Judge:

    Plaintiff filed an unopposed motion for summary judgment asserting that it is entitled to judgment as a matter of law on its claim for damages and specific performance in this contract action.  Plaintiff's motion is granted.

## BACKGROUND

    As there has been no Answer to the Complaint, and plaintiff's motion for summary judgment is unopposed, the facts are undisputed for the purposes of this motion.

    Plaintiff Insurance Company of the West ("ICW") is a California corporation authorized to post surety bonds in the State of Oregon.  Between May and September 2008, ICW posted surety bonds with defendant Kuenzi Communications, LLC, ("Kuenzi")[1] as principal to five separate Oregon obligees in

---

[1] Defendants Kuenzi Communications, LLC, Sunset Equipment, LLC, and Kuenzi Communications, Inc., have entered bankruptcy proceedings.  Therefore, I proceed on this motion for summary judgment against the six remaining active defendants.

2     - OPINION AND ORDER

connection with five construction and improvement projects.  The
bonds were in the following penal sum amounts:

| | |
|---|---|
| Dayton School District | $143,313.00 |
| City of Silverton | $489,544.00 |
| City of Cornelius | $397,075.75 |
| City of Lake Oswego | $84,770.20 |
| City of Columbia City | $341,504.00 |

In partial consideration of the bond postings, defendants
Silver Ridge Nursery, LLC; J & R Drilling, LLC; Sunset Equipment,
LLC; Kuenzi Communications, Inc.; Loyal W. Kuenzi; Joe E. Kuenzi;
Rochelle Kuenzi; and Rebecca Kuenzi (collectively, "Indemnitors")
executed, in favor of ICW, a General Indemnity Agreement ("The
Agreement") dated April 30, 2008.  The Agreement provides:

> 1. INDEMNITY.  The Undersigned shall indemnify and keep
> indemnified the Surety against any and all liability for
> losses and expenses of whatever kind of nature, including
> attorney fees and costs, by reason of having executed or
> procured the execution of Bonds, or by reason of the failure
> of the Principal or Indemnitors to perform or comply with
> the covenants and conditions of this Agreement.
>
> The Surety may pay or compromise any claim, demand, suit,
> judgment, or expense arising out of the Bonds, and any such
> payment or compromise made by the Surety in the reasonable
> belief that it was liable for the amount paid or that it was
> expedient under all the circumstances to make such payment
> or compromise, shall be finding upon the Undersigned as a
> loss or expense covered by this indemnity, whether or not
> such liability actually existed.

Pl.'s Ex. 2 at 1.  The Agreement also includes a provision
requiring Indemnitors, upon a demand by the Surety, to post cash
or other collateral security, which the Surety has "the right to
use . . . to pay or settle any liability, loss, or expenses for

3    - OPINION AND ORDER

which the undersigned would be obligated to indemnify the Surety
under this agreement."  Id. at 2.  Under the terms of the
Agreement, the Surety has the right to demand posting of
collateral security "[i]f for any reason [it] believes it may
maintain a loss or expense on a bond."  Id.

On March 26, 2009, ICW sent a letter to Indemnitors
informing them that payment bond claims had been filed on three
of the projects.  Pursuant to the Indemnity Agreement, ICW
demanded Indemnitors post collateral security in the amount of
$300,000.  Since ICW's March 26 letter, further payment bond
claims have been filed.  Claims have now been presented against
ICW and the bonds in connection with each of the five projects.
ICW has made payment to a number of claimants in the total amount
of $336,915.04,[2] and anticipates further claims in unknown
amounts.  Despite demands, Indemnitors have refused to provide
collateral security or otherwise repay plaintiff for its losses.

## STANDARDS

Summary judgment is appropriate "if the pleadings, the
discovery and disclosure materials on file, and any affidavits

---

[2] There are discrepancies between the claim amounts listed in
the complaint and the payment amounts itemized in the declaration
of Rick Lopez accompanying the motion for summary judgment.  For
this reason, before ordering payment of damages, I am ordering an
accounting of the claims made against ICW, and the payments made
by ICW, in connection with the bonds.

4    - OPINION AND ORDER

show that there is no genuine issue as to any material fact and
that the movant is entitled to judgment as a matter of law."
Fed. R. Civ. P. 56(c).  Substantive law on an issue determines
the materiality of a fact.  T.W. Elec. Serv., Inc. v. Pac. Elec.
Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987).  Whether
the evidence is such that a reasonable jury could return a
verdict for the nonmoving party determines the authenticity of a
dispute.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249
(1986).

    The moving party has the burden of establishing the absence
of a genuine issue of material fact.  Celotex Corp. v. Catrett,
477 U.S. 317, 323 (1986).  If the moving party shows the absence
of a genuine issue of material fact, the nonmoving party must go
beyond the pleadings and identify facts which show a genuine
issue for trial.  Id. at 324.

    Special rules of construction apply when evaluating summary
judgment motions: (1) all reasonable doubts as to the existence
of genuine issues of material fact should be resolved against the
moving party; and (2) all inferences to be drawn from the
underlying facts must be viewed in the light most favorable to
the nonmoving party.  T.W. Elec., 809 F.2d at 630-31.

///

///

## DISCUSSION

### I. Damages

Plaintiff argues that defendants have materially breached the Indemnity Agreement and that it is therefore entitled to damages.  I agree.

Under Oregon law, "[a] breach is material if it goes to the very substance of the contract and defeats the object of the parties entering into the contract." Bisio v. Madenwald, 33 Or. App. 325, 331, 576 P.2d 801, 804 (Or. App. 1978).  "In an action for breach of contract, the injured party is entitled to recover such damages as naturally or necessarily result from the breach." Smith v. Pallay, 130 Or. 282, 289, 279 P. 279, 281 (1929).  Where a contract has been materially breached, the injured party "should receive an amount of money that would place him or her, as nearly as possible, in the same position as if the contract has been specifically performed as agreed." Cameron v. Benson, 295 Or. 98, 102, 664 P.2d 412, 414 (1983) (citing Crahane v. Swan, 212 Or. 143, 156, 318 P.2d 942, 948 (1957)).

Normally, "[t]he interpretation of a contract is a mixed question of law and fact." Miller v. Safeco Title Ins. Co., 758 F.2d 364, 367 (9th Cir. 1985).  However, where the facts are undisputed, whether a breach is material is a question of law, and may be appropriately resolved on summary judgment.  See

Fireman's Fund Ins. Co. v. Nizdil, 709 F. Supp. 975, 977 (D. Or.
1989) (summary judgment granted in favor of plaintiff surety
where defendant failed to post collateral security or otherwise
repay plaintiff, and did not provide any excuse for his failure
to reimburse plaintiff as required by indemnification agreement);
see also McKeon v. Williams, 104 Or. App. 106, 109, 799 P.2d 198,
200 (Or. App. 1990), aff'd 312 Or. 322, 822 P.2d 699 (1991)
(directed verdict was appropriate where facts were undisputed and
where trial court found contract had been materially breached as
a matter of law).

    In McKeon, the defendant failed to pay rent under a
commercial lease agreement.  The Oregon Court of Appeals affirmed
the trial court's directed verdict in favor of the plaintiff,
holding that under the terms of the lease "failure to pay rent
could be nothing other than a material breach" because
"nonpayment of the rent substantially undermined the basis of the
parties' lease agreement."  104 Or. App. at 109-10.

    Plaintiff argues that the breach in this case, like the
breach in McKeon, substantially undermines the basis the
agreement and so must be considered a material breach.  I agree.
Just as a lease is designed to ensure the exchange of rent for
use of physical space, an indemnification agreement is designed
to ensure reimbursement for losses.  Plaintiff has made payment

on claims against the bonds and expects to receive additional

claims.  Defendants have refused to reimburse plaintiff for these

expenses as required by the plain language of the Agreement.

Such refusal constitutes material breach.  Plaintiff is entitled

to damages in the amount of the total payments it has made on

payment bond claims, plus reasonable attorneys fees and costs.

II. Specific Performance of the Collateral Security Provision

Plaintiff requests an order for specific performance of the

collateral security provision of the Agreement.  I agree that an

order for specific performance is warranted in this case.

The Ninth Circuit expressly held that an order directing

specific performance of the collateral security provision of an

indemnity agreement is appropriate relief.  Milwaukie Constr. Co.

v. Glenn Falls Ins. Co., 367 F.2d 964, 967 (9th Cir. 1966).  In

Milwaukie, the court engaged in a lengthy discussion of the

historical availability of equitable relief where a surety

requires indemnification against foreseeable, but as yet

unquantifiable, loss.  Id. at 966-67.  The court concluded that

where the Indemnification Agreement contains a provision

empowering the surety to demand the posting of collateral

security, injunctive relief requiring specific performance of

said provision is appropriate, because "the legal remedy of money

damages would not be adequate."  Id. at 966; see also Safeco Ins.

8    - OPINION AND ORDER

Co. of Am. v. Schwab, 739 F.2d 431, 433-44 (9th Cir. 1984)
(specific performance is appropriate with respect to collateral
security clauses of indemnification agreement because "providing
[the surety] only with a right to indemnity after payment" robs
the collateral security clause of its intended meaning).

   The Milwaukie court noted that defendant construction
company had defaulted on four construction projects and plaintiff
surety had received demands for payment and performance under the
bonds connected to those projects.  367 F.2d at 965.  Though
plaintiff demanded posting of collateral security pursuant to the
indemnification agreement, defendant refused to deposit money or
other acceptable security.  Id.  The Ninth Circuit affirmed the
district court's order of specific performance of the collateral
security provision of the indemnity agreement.

   Indemnitors assented to and are bound by the terms of the
Agreement.  Just as in Milwaukie, ICW has received demands for
payment under the bonds, and has demanded that indemnitors post
collateral security as required by the Agreement.  Indemnitors
have refused to comply.  An order for specific performance of the
collateral security provision of the Indemnity Agreement is
therefore appropriate.

///

///

9    - OPINION AND ORDER

## CONCLUSION

Plaintiff's motion for summary judgment (doc. 26) is granted.  Plaintiffs are ordered to submit an accounting of the damages owed them by defendants, including an accounting of attorney fees, so that payment of damages may be ordered. Defendants are ordered to show cause why they should not be required to specifically perform their joint and several obligations under the terms of the Indemnity Agreement, including: (a) the posting of collateral security; (b) the furnishing of competent evidence of ICW's discharge from the Bonds without any loss; and (c) an injunction enjoining defendants, and each of them, from conveying, transferring, assigning, mortgaging, hypothecating, or disposing of any asserts in derogation of ICW's rights under the Indemnity Agreement.

Both plaintiff's and defendants' submissions to the court are due by September 11, 2009.

IT IS SO ORDERED.

Dated this 24 day of August 2009.

Ann Aiken
United States District Judge